IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In Re: | * | |
| | * | |
| Garvicks' Farms, Inc., | * | Case No. 14-29100 JFS |
| | * | |
| Debtor. | * | Chapter 11 Case |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEBTOR'S EMERGENCY MOTION: (i) TO VACATE GARNISHMENTS OF BANK ACCOUNTS AND ACCOUNTS RECEIVABLE; (ii) FOR AUTHORITY TO USE CASH COLLATERAL; AND (iii) GRANT ADEQUATE PROTECTION THERFOR**

Garvicks' Farms, Inc., the above-captioned debtor and debtor-in-possession (the "Debtor"), files this Emergency Motion: (i) to Vacate Garnishments of Bank Accounts and Accounts Receivable; (ii) for Authority to Use Cash Collateral; and (iii) Grant Adequate Protection Therefor (the "Emergency Motion"), and in support thereof, state as follows:

**Jurisdiction and Background**

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

2. The relief sought in the Emergency Motion is based upon 11 U.S.C. § 363.

3. On December 16, 2014, (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtor has remained in possession of its property and control of its financial affairs as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

4. The Debtor is a Maryland corporation that owns and operates a commercial farm located at 5252 Band Hall Hill Road, Westminster, Maryland 21158 (the "Farm").

5. The Farm consists of a 30 acre parcel and a 7 acre "wood lot." The Debtor grows corn, soybeans and wheat and raises steer and hogs on the Farm.

6. The Debtor has three primary secured creditors. Farm Service Agency ("FSA") has a mortgage on the Farm and is owed $31,032.02. Fulton Bank has a blanket lien on all of the Debtor's assets (excluding the Farm) and is owed $199,441.54. Growmark FS, LLC ("Growmark") also has a blanket lien on all of the Debtor's assets (excluding the Farm) and is owed $308,389.60. The Debtor bought seed, fertilizer, spray and other products from Growmark on credit in order to get the 2014 crop of soybeans, wheat and corn planted; Growmark needs to be paid in full by mid-March 2015. The Debtor has a few secured creditors holding purchase money security interests in equipment and machinery.[1]

7. Agricultural Commodities, Inc. ("AgCom") is a Pennsylvania corporation with its principal place of business located at 2224 Oxford Road, New Oxford, Pennsylvania 17350 licensed to do business in the State of Maryland.

8. AgCom holds a deed of trust dated September 25, 2001 on the Farm given to secure a Note also dated September 25, 2001 in the amount of $350,000.00 made by the Farm.

9. On November 5, 2014, the Circuit Court for Carroll County entered a judgment in the amount of $977,599.41 (the "AgCom Judgment") in favor of AgCom and against the Debtor and Nevin Garvick ("Mr. Garvick"), the sole owner of the Debtor.

10. The Debtor has taken an appeal of the AgCom Judgment.

11. Subsequent to entry of the AgCom Judgment, AgCom requested writs of garnishment of property of the Debtor and of Mr. Garvick on the following entities: (1) Snaveley's Mill (**Exhibit A**); 2) Risser Grain (**Exhibit B**); 3) White Oak Mills, Inc. (**Exhibit C**); 4) Wheatland

---

[1] The Debtor intends to file emergency motions for use of Growmark's and Fulton Bank's cash collateral shortly and intends to propose that, at a minimum, Growmark and Fulton Bank be given replacement liens as adequate protection.

Enterprises, Inc. (**Exhibit D**); 5) Perdue Farms, Inc. (**Exhibit E**); 6) Lippy Brothers Farms (**Exhibit F**); 7) Interstate Commodities, Inc. (**Exhibit G**); 8) Hanover Foods (**Exhibit H**); 9) Gavilon (**Exhibit I**); 10) Con Agra Foods, Inc. (**Exhibit J**); 11) ADM (**Exhibit K**); 12) Wenger Feeds (**Exhibit L**); 13) Susquehanna Bank (**Exhibit M**); 14) PNC Bank (**Exhibit N**); 15) M&T Bank (**Exhibit O**); 16) Keystone Commodities, Co. (**Exhibit P**); 17) Keymar Fertilizer, Inc. (**Exhibit Q**); 18) Hostetter Grain, Inc. (**Exhibit R**); 19) Hostetter Farm Supply, Inc. (**Exhibit S**); 20) Hillandale-Gettysburg, LP (**Exhibit T**); 21) Fulton Bank (**Exhibit U**); 22) Eddie Mercer Agri-Services, Inc. (**Exhibit V**); and BB&T Bank (**Exhibit W**) (collectively hereinafter referred to as the "AgCom Garnishments").

12. The Debtor has no priority creditors and has total unsecured debt of $1,306,044.30 (the "Unsecured Debt"). The AgCom Judgment is included in the Unsecured Debt along with a judgment owed to the Debtor's former accountant in the amount of $168,000.00. The balance of the Unsecured Debt totals $160,444.89 and is owed to forty-three (43) different creditors for current amounts due and owing. Until the AgCom Garnishments, the Debtor was paying its secured creditors the monthly amounts owed and its unsecured creditors almost in full on a monthly basis.

## Relief Requested

13. The issuance of the AgCom Garnishments caused the Debtor's bank accounts to be frozen, the payment of the Debtor's accounts receivable to cease and rendered the Debtor unable to operate its business - necessitating the filing of the instant Chapter 11 petition.

14. The Debtor believes that the AgCom Judgment is preferential and can be vacated pursuant to section 547 of the Bankruptcy Code as it was obtained within ninety (90) days of the Petition Date. On the Petition Date, immediately after filing its chapter 11 petition the Debtor filed

its preference complaint against AgCom, Adv. Pro. No: 14-00878 (the "Preference Litigation"). Once the summons is issued by the Court, AgCom will have the opportunity to file an answer and contest the Preference Litigation in the ordinary course.

15. While the Debtor filed the Preference Litigation and intends to fully and promptly litigate said cause of action, unless the AgCom Garnishments are vacated **immediately** the Debtor will be unable to continue operating.

16. The Debtor believes that its appeal of the AgCom Judgment will result in a reversal on the merits. The Debtor recognizes, however, that AgCom, by virtue of the AgCom Garnishments, has an interest in the Debtor's cash collateral as that term is defined in section 363(a) of the Bankruptcy Code and is entitled to adequate protection of its interest.

17. The Debtor currently has $3,049.30 on deposit in its checking account with M&T Bank and $48,818.25 on deposit in its savings account with M&T Bank. A printout from M&T Bank reflecting those balances is attached as **Exhibit X**.

18. Pursuant to the Bankruptcy Code, the Debtor is not authorized to use cash collateral in which AgCom has an interest absent consent of the Bank or Order of this Court. The Debtor has attempted diligently to negotiate with AgCom believing in good faith AgCom's statement that it does not want to put the Debtor out of business. The Debtor and AgCom have failed to reach an agreement that will allow the Debtor to collect its receivables and use its cash in the ordinary course thus necessitating the filing of the instant Chapter 11 case.

19. Rule 4001 of the Federal Rules of Bankruptcy Procedure provides that the court may commence a final hearing on a motion for authorization to use cash collateral no earlier than fifteen (15) days after service of the motion. Rule 4001 further provides that, upon request, the court may conduct a preliminary hearing before such fifteen day period expires to authorize the

use of cash collateral as is necessary to avoid immediate and irreparable harm to the estate prior to a final hearing.

20. In order for the Debtor to operate its business and meet its obligations, it is necessary that the Debtor be authorized to use cash collateral in which AgCom has an interest. The immediate use of the cash collateral, specifically the accounts receivable and the bank accounts, by the Debtor is necessary to avoid immediate and irreparable harm to the Debtor's estate.

21. The Bankruptcy Code requires "adequate protection" of AgCom's interest in the cash collateral. The Debtor proposes to grant AgCom a post-petition security interest of the same priority and to the same extent as existed prior to the Petition Date to protect against any diminution in value of the cash collateral from the Petition Date through the date of a final hearing on the Emergency Motion.

22. The Debtor proposes that it be authorized to use cash collateral in the ordinary course of its business and to pay those obligations as set forth in the budget attached hereto as **Exhibit Y** until the final hearing on the Debtor's Emergency Motion.

WHEREFORE, the Debtor respectfully requests that this Court enter the attached Order authorizing the use of Cash Collateral pursuant to the terms and conditions contained therein.

/s/ Karen H. Moore
Karen H. Moore, Bar No: 10510
Lori Simpson, Bar No: 04075
Joseph Selba, Bar No: 29181
Law Office of Lori Simpson, LLC
1400 South Charles Street, 3rd Floor
Baltimore, Maryland 21230
Direct Dial: 410.779.5382
kmoore@lsimpsonlaw.com
lsimpson@lsimpsonlaw.com
jselba@lsimpsonlaw.com

**CERTIFICATE OF SERVICE**

   I HEREBY CERTIFY that on this 16th day of December, 2014, a copy of the foregoing Debtor's Emergency Motion Emergency Motion: (i) to Vacate Garnishments of Bank Accounts and Accounts Receivable; (ii) for Authority to Use Cash Collateral; and (iii) Grant Adequate Protection Therefor was served on the parties listed below by email and/or first class mail, postage prepaid, unless said party is a registered CM/ECF participant and the Notice of Electronic Filing indicates that the Motion was electronically mailed to said party:

Office of the U.S. Trustee (email and first class mail)
101 West Lombard Street, Suite 2625
Baltimore, Maryland 21201

J. Brooks Leahy, Esquire (email and first class mail)
Stephanie R. Brophy, Esquire
Dulany Leahy Curtis & Beach LLP
127 East Main Street
Westminster, Maryland 21157

20 Largest Creditors (attached list)
(minus exhibits)

                /s/ Karen H. Moore
                Karen H. Moore